# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-611V
Filed: April 11, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| REBECCA STONE, | * | |
| | * | |
| Petitioner, | * | Respondent's motion to dismiss |
| | * | granted; petitioner does not object; |
| v. | * | influenza vaccine; ADEM, POTS, |
| | * | seizure disorder, myelopathy. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Peter J. Sarda, Raleigh, NC, for petitioner.
Gordon Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On June 15, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered October 23, 2012 caused her acute disseminated encephalomyelitis ("ADEM"), postural orthostatic tachycardia syndrome ("POTS"), seizures, and myelopathy. See Pet. at ¶¶ 2, 7, 8, 10, 15, 19, 21. Examination of petitioner's doctors' opinions shows that petitioner did not have ADEM, seizures, or myelopathy. Petitioner failed to file an expert report supporting her final allegation that her repetitive fainting had anything to do with flu vaccine.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On April 11, 2016, respondent filed a Motion to dismiss, stating, "Insufficient evidence has been provided regarding vaccine causation, and petitioner has failed to meet her burden of proof."

Also on April 11, 2016, petitioner filed her "Consent to Motion to Dismiss," stating she "is unable to find an expert to support her claim of vaccine injury. . . ." Pet. Consent.  Therefore, she "does not oppose the dismissal motion of the respondent."  Id.

The undersigned grants respondent's motion and dismisses this case for failure to make a prima facie case of causation in fact.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for her flu vaccination, she would not have had repetitive fainting, but also that her flu vaccination was a substantial factor in causing her repetitive fainting.  Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).  In the instant action, petitioner, although given the opportunity to do so, did not file an expert report, and her medical records do not substantiate her allegations.  Particularly damaging to petitioner's allegations are the following opinions of her treating doctors:  (1) Dr. Bruce S. Solomon, a neurologist, found that petitioner had no functional change and appeared completely normal.  Med. recs. Ex. 7, at 19-20, 16-17, 7-8; (2) Dr. Sopagna Keating at Duke Medicine found that petitioner most likely had conversion disorder.  Med. recs. Ex. 9, at 1, 5; (3) Dr. Ranhan

Sinha Saurabh noted a prolonged video EEG showed normalcy while petitioner was complaining that she felt lethargic and about to faint, and concluded that petitioner's episodes were not neurological, cardiac, or endocrine in nature.  Id. at 92-94; and (4)  Dr. Rodrigo A. Bolanos, a cardiologist, noted that petitioner's fainting was not consistent with typical vasovagal pathology since when she had classic symptoms of fainting, her vital signs did not change.  Med. recs. Ex. 6, at 12, 16.

The undersigned **GRANTS** respondent's Motion to Dismiss and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 11, 2016                                                                          s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.